UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ANGELINA OLIVIA ANDRADE,<br>    Plaintiff,<br><br>    v.<br><br>MEGAN J. BRENAN,<br>    Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 19-cv-0673-MSM-PAS<br>)<br>)<br>)<br>) |

ORDER

This case is before the Court on Defendant's Motion to Dismiss (ECF No. 26). Defendant's motion is GRANTED subject to affording Plaintiff, now represented by counsel, thirty (30) days to file an amended complaint to remedy the failure of the original pro se complaint to satisfy the federal pleading standard. At the motion to dismiss stage, federal district courts are charged with assessing the claims made in the complaint to determine whether the plaintiff has "pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In accordance with Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Here, the original employment discrimination Complaint, filed pro se, includes only a single-sentence statement of the facts (ECF No. 1) and the limited facts included in the appended United States Equal Employment Opportunity Commission decision (ECF No. 1 at 7-10) do not cure the complaint's deficiencies. If she chooses to, the Plaintiff shall file an

Amended Complaint on or before December 17, 2021, at which time Defendant may renew his Motion to Dismiss.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

November 16, 2021